UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| GREGORY SPENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:25-cv-04046-MMM |
| | ) | |
| BRANNON-DORTCH, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se, alleges Defendants violated his constitutional rights during his imprisonment at Hill Correctional Center during a series of distinct events in early December 2024. The case is now before the Court for a merit review of Plaintiff's Complaint (Doc. 1).

A. Merit Review Order

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff name as Defendants Deputy Director Christine Brannon-Dortch, Warden Tyrone Baker, Tact-Team members Bowen, Sage, Sherrell, and Sewick, Nurse Katharine Maple, Correctional Officers Noah Gibson, McCutchen, and Matherly, and Mental Health Professionals Natalie Main and Melissa Schenkel.

Plaintiff alleges many issues against these several Defendants.

One group of allegations relates to a cell shakedown and two strip searches on December 2, 2024, as well as loss of property related to that same event, false disciplinary charges related to that same event.

Plaintiff alleges he requested a crisis team on December 3, 2024.

Another group of allegations relates to the events of December 4, 2024, narrating what occurred that day, including denied requests for a crisis team, denied requests for telephone access.

Yet another group of allegations relates to the events of December 5, 2024. Plaintiff alleges a shakedown of the segregation area that day, another strip search that day, a loss of consciousness due to lack of access to diabetic medications.

Another group of allegations relates to the events of December 6, 2024. Plaintiff alleges issues with Social Worker Paulina Ashbury.

Plaintiff alleges he was denied a phone call on December 7.

Another group of allegations relates to the events of December 9, 2024, including receiving the return of some property and denial of a phone call.

Plaintiff alleges Mental Health worker Natalie Main mockingly said "tact-team took all my stuff" while Plaintiff was on the phone with his wife.

"Only persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules ... is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Here, the Court finds that Plaintiff's allegations are too vague and devoid of sufficient context and detail to place all the named Defendants on notice of the specific claims Plaintiff wants to pursue. Plaintiff's Complaint will be dismissed with leave to amend.

If Plaintiff elects to file an Amended Complaint, he must clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered.

B. <u>Severance of Claims</u>

"A prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ...." *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

Finally, even claims that are properly joined may be severed in an exercise of the Court's discretion, where doing so would be in the interests of justice and would promote the efficient and effective resolution of all claims.

Here, the two-year statute of limitations cannot have run on any of Plaintiff's claims, as of this date, which is far less than two years after the complained-of conduct. If Plaintiff elects to file an Amended Complaint, and if Plaintiff's Amended Complaint contains unrelated claims based on the legal standards discussed above, or if the Court determines certain claims should be severed in the interests of justice and in its discretion, the Court will assess if claims should be severed, and will provide Plaintiff notice of its intent to sever claims before doing so. If the action is severed into multiple cases Plaintiff will incur a separate filing fee for each such case.

C. <u>Motion to Request Counsel</u>

Plaintiff's Motion to Request Counsel (Doc. 4) is before the Court. There is no indication Plaintiff made any attempt to find a lawyer on his own, or was prevented from doing so, before seeking Court assistance. He must do so. This is normally accomplished by contacting several civil rights attorneys regarding his specific allegations in this specific case and requesting their representation, and providing the Court with copies of such letters, as well as any responses received, in support of any future request for Court assistance in finding a volunteer lawyer.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion to Request Counsel [4] is DENIED.**
2. **Plaintiff's Motions for Status [7] and [8] are MOOT.**

3. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim for relief. Plaintiff's Complaint [1] is DISMISSED without prejudice.**

4. **The Court will allow Plaintiff the opportunity to file an Amended Complaint clarifying his claims, within 21 days of this Order. Failure to file an Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.**

Entered this 15th day of September, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
